IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| BEDIVERE INSURANCE COMPANY, f/k/a ONEBEACON INSURANCE COMPANY, as successor in interest to the rights and obligations of certain policies issued by AMERICAN EMPLOYERS' INSURANCE COMPANY,<br><br>     Plaintiffs,<br><br>v.<br><br>TRIANGLE ENTERPRISES, INC.; THE PADUCAH BANK AND TRUST COMPANY, as trustee of The CNA Trust Fund; ALLIANZ GLOBAL RISK US INSURANCE COMPANY (f/k/a Fireman's Fund Insurance Company); CINCINNATI INSURANCE COMPANY; GENERAL INSURANCE COMPANY OF AMERICA; GREAT AMERICAN EXCESS & SURPLUS LINES INSURANCE COMPANY (f/k/a Agricultural Excess and Surplus Insurance Company); and U.S. FIRE INSURANCE COMPANY,<br><br>     Defendants. | **FILED UNDER SEAL**<br><br>Civil Action No: 3:16-CV-339-JHM<br><br>**COMPLAINT AND JURY DEMAND** |

**COMPLAINT FOR DECLARATORY RELIEF**

  1.  Comes the Bedivere Insurance Company ("Bedivere"), formerly known as OneBeacon Insurance Company, as successor in interest to the rights and obligations of certain policies issued by American Employers' Insurance Company, by counsel, and hereby brings the following Petition for Declaratory Judgment pursuant to 28 U.S.C. § 2201, § 2202 and Fed. R. Civ. P. 57 against Defendants Triangle Enterprises, Inc. ("Triangle"); The Paducah Bank and Trust Company ("PBTC"), as trustee of The CNA Trust Fund ("CNA Trust"); Allianz Global Risk US Insurance Company, f/k/a Fireman's Fund Insurance Company ("Allianz"), Cincinnati

Insurance Company, General Insurance Company of America ("General Insurance"), Great American Excess & Surplus Lines Insurance Company, f/k/a/ Agricultural Excess and Surplus Lines Insurance Company ("Great American"), and U.S. Fire Insurance Company ("U.S. Fire").

## PARTIES AND JURISDICTION

2. Plaintiff Bedivere is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania. Bedivere is the successor in interest to the rights and obligations under primary general liability insurance policies AZW 452806 and ASW 529081, as well as umbrella insurance policy AZ 8500-113, issued by American Employers to Triangle.

3. Upon information and belief, Defendant Triangle is a corporation organized and existing under the laws of the Commonwealth of Kentucky, with its principal place of business in Paducah, Kentucky. Triangle is an insulation, HVAC, sheet metal and scaffolding contractor and product distributor.

4. Upon information and belief, Defendant PBTC is a corporation organized and existing under the laws of the Commonwealth of Kentucky, with its principal place of business in Paducah, Kentucky. PBTC is trustee of The CNA Trust Fund, which resides at 555 Jefferson Street, Paducah, Kentucky 42001. (PBCT and The CNA Trust Fund are collectively referred to as "The CNA Trust"). The CNA Trust was established to receive, and did receive, amounts payable under primary general liability insurance policies issued to Triangle by the Continental Insurance Company, as successor by merger to the Fidelity and Casualty Company of New York, including but not limited to policy nos. P481410, MCS10170, XP242856, XP266265, XP276063, XP290858, XP298215, XP339455, XP286888, LZ36446, LZ50075, LZ82226, LO798696 and LO866933.

5. Upon information and belief, Defendant Allianz Global is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois and/or New York, New York. Allianz's predecessor, Fireman's Fund Insurance Company, and/or its affiliated companies issued one or more primary and excess general liability insurance policies to Triangle, including but not limited to policy nos. MXP-241-6261 and XLB 1245478.

6. Upon information and belief, Defendant Cincinnati is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in Fairfield, Ohio. Cincinnati and/or its affiliated companies issued one or more excess general liability insurance policies to Triangle, including but not limited to policy nos. CCC287-34-80 and CCC-250-77-41.

7. Upon information and belief, Defendant General Insurance is a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business in Boston, Massachusetts. General Insurance issued primary and excess general liability insurance policies to Triangle, including but not limited to policy nos. CP 301700, CP 430225, OL 703141 and UL 750108.

8. Upon information and belief, Defendant Great American is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Cincinnati, Ohio. Great American's predecessor, Agricultural Excess & Surplus Lines Insurance Company, issued excess general liability insurance policies to Triangle, including but not limited to policy nos. UMO 002583 and UMO 003950.

9. Upon information and belief, Defendant U.S. Fire is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in

Morristown, New Jersey. US Fire issued one or more general liability insurance policies to Triangle, including but not limited to policy no. 523028789-1.

10. Bedivere seeks a declaration of its rights under certain policies of insurance and that the applicable limits of liability under the three insurance policies issued by Bedivere to Triangle are exhausted by prior payments and therefore Bedivere has no duty to defend or indemnify Triangle against any underlying asbestos bodily injury claims. Bedivere also seeks to recoup amounts it has paid to continue defending and indemnifying Triangle against such underlying asbestos bodily injury claims while pursuing its declaratory relief.

11. An actual, substantial, and continuing controversy exists between Bedivere and defendants that requires a declaration of rights by the Court.

12. Bedivere has no adequate remedy at law and this is a proper case for which the Court may exercise jurisdiction and declare rights and liabilities of the parties.

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, for the matter in controversy in this action exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states pursuant to 28 U.S.C. § 1332(c)(1).

14. This Court has personal jurisdiction over all defendants because they either reside, have their principal place of business, are authorized to conduct business, conducting business, and/or issued insurance policies to Triangle in the Western District of Kentucky.

15. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because Triangle resides in this judicial district and because a substantial part of the events or omissions giving rise to Bedivere's complaint occurred in Louisville, Kentucky.

16. This Court has the power to grant the relief sought in this action pursuant to 28 U.S.C. § 2201.

## THE BEDIVERE INSURANCE POLICIES

17. American Employers issued primary general liability insurance policy, Policy No. AZW 452806, to Triangle, effective for the period June 1, 1980 to June 1, 1983, but the policy was cancelled effective June 1, 1982. The policy is hereby incorporated by reference as though fully set forth at this point herein in its entirety. Documentation for this policy is attached as Exhibit A. Policy AZW 452806 provides limits of liability for bodily injury in the amount of $500,000 each occurrence and $500,000 in the aggregate.

18. American Employers issued primary general liability insurance policy, Policy No. ASW 529081, to Triangle, effective for the period June 1, 1982 to June 1, 1985. The policy is hereby incorporated by reference as though fully set forth at this point herein in its entirety. Documentation for this policy is attached as Exhibit B. Policy ASW 529081 provides limits of liability for bodily injury in the amount of $500,000 each occurrence and $500,000 in the aggregate.

19. Policies AZW 452806 and ASW 529081 identified in paragraph 15 and 16 are referred to herein as the "Bedivere Primary Policies."

20. The Bedivere Primary Policies each provide the following grant of coverage:

> The company will pay on behalf of the **insured** all sums which the insured shall become legally obligated to pay as damages because of **bodily injury** or **property damage** to which this insurance applies, caused by an **occurrence**, and the company shall have the right and duty to defend any suit against the **insured** seeking damages on account of such **bodily injury** or **property damage**,

> even if any of the allegations of the suit are groundless, false or fraudulent and may make such investigation and settlement of any claim or suit as it deems expedient but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

21. The Bedivere Primary Policies define "occurrence" as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured."

22. The Bedivere Primary Policies define "bodily injury" as "[b]odily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom."

23. The Bedivere Primary Policies' Limit of Liability provides:

> Regardless of the number of (1) **insureds** under this policy, (2) persons or organizations who sustain **bodily injury** or **property damage**, or (3) claims made or suits brought on account **of bodily injury** or **property damage**, the company's liability is limited as follows:
>
> **Bodily Injury** – The total liability of the company for all damages, including damages for care and loss of services, because of **bodily injury** sustained by one or more persons as the result of any one **occurrence** shall not exceed the limit of **bodily injury** liability stated in the declarations as applicable to "each **occurrence**."
>
> Subject to the above provision respecting "each o**ccurrence**", the total liability of the company for all damages because of (1) all **bodily injury** included with the **completed operations hazard** and (2) all **bodily injury** included within the **products hazard** shall not exceed the limit of **bodily injury** liability stated in the declarations as "aggregate."
>
> . . .
>
> **Bodily Injury and Property Damage** – For the purpose of determining the limit of the company's liability, all **bodily injury and property damage** arising out of continuous or repeated

6

exposure to substantially the same general conditions shall be considered as arising out of one **occurrence**.

24. The Bedivere Primary Policies define "completed operations hazard" in part as:

   "**Completed operations hazard**" includes **bodily injury** and **property damage** arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the **bodily injury** or **property damage** occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the **named insured**. "Operations" include materials, parts or equipment furnished in connection therewith. Operations shall be deemed to be completed at the earliest of the following times:

   1. When all operations performed by or on behalf of the **named insured** under the contract have been completed.
   2. When all operations to be performed by or on behalf of the **named insured** at the site of the operations have been completed, or
   3. When the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

25. The Bedivere Primary Policies define "products hazard" as:

   "**Products hazard**" includes **bodily injury** and **property damage** arising out of the **named insured's** products or reliance upon a representation or warranty made at any time with respect thereto, but only if the **bodily injury** or **property damage** occurs away from premises owned by or rented to the **named insured** and after physical possession of such products has been relinquished to others.

26. American Employers issued umbrella policy, Policy No. AZ 8500-113, to Triangle, effective for the period June 1, 1980 to June 1, 1981 (referred to herein as the "Bedivere Umbrella Policy"). The policy is hereby incorporated by reference as though fully set forth at this point herein in its entirety. Documentation for this policy is attached as Exhibit C.

27. The Bedivere Umbrella Policy provides a combined single limit of $1,000,000 each occurrence and in the aggregate for bodily injury and property damage, excess of $500,000 each occurrence and aggregate in underlying insurance.

28. The Bedivere Umbrella Policy provides, in part, as follows:

> **I.  COVERAGES**: To indemnify the Insured for all sums which the Insured shall be obligated to pay by reason of the liability imposed upon him by law or liability assumed by him under contract or agreement for damages, and expenses, all as included in the definition of "ultimate net loss", because of:
>
> (a)  personal injuries, as hereinafter defined.
>
> . . .
>
> **III.  POLICY TERRITORY – TERRITORY**: This policy applies only to occurrences, as herein defined, which happen during the policy period ….

29. The Bedivere Umbrella Policy defines "ultimate net loss" as follows:

> The term "ultimate net loss" shall mean the total sum which the Insured, or any company as his insurer, or both, become legally obligated to pay as damages, because of personal injury … claims, either through adjudication or compromise, … and expenses … for litigation, settlement, adjustment and investigation of claims and suits which are paid as a consequence of any occurrence covered hereunder, excluding only the salaries of the Named Insured's or of any underlying insurer's permanent employees.
>
> The company shall not be liable for any expenses as aforesaid when payment of such expenses is included in other valid and collectible insurance.

30. The Bedivere Umbrella Policy defines "personal injury" to mean, in part, "bodily injury, sickness or disease, mental injury, mental anguish…including death at any time resulting therefrom."

31. The Bedivere Umbrella Policy defines the term "occurrence" as:

> The term "occurrence" shall mean (a) an accident, or (b) an event, or continuous or repeated exposure to conditions, which results

during the policy period, in personal injury … neither expected not intended from the stand-point of the Insured. With respect to Coverage I(a) …, except with respect to the Products-Completed Operations Hazards, all personal injury … arising out of one event or continuous or repeated exposure to substantially the same general conditions existing at or emanating from one premises location shall be deemed to be one occurrence. With respect to Coverages I(a) …, all personal injury … arising out of the Product-Completed Operations Hazards shall be deemed to be one occurrence if arising out of one lot of goods or products prepared or acquired by the Named Insured or others trading under his name.

32. The Bedivere Umbrella Policy defines "completed operations hazard" in part as:

"Completed operations hazard" includes personal injury and property damage arising out of the operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the personal injury … occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the Named Insured.

"Operations" include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:

(1) when all operations to be performed by or on behalf of the Named Insured under the contract have been completed,
(2) when all operations to be performed by or on behalf of the Named Insured at the site of the operations have been completed, or
(3) when the portion of the work out of which the injury … arises has been put to its intended use by any person or organization other than another contractor or sub-contractor engaged in performing operations for a principal as part of the same project.

. . .

33. The Bedivere Umbrella Policy defines "products hazard" as:

"Products hazard" includes personal injury and property damage arising out of the Named Insured's products or reliance upon a representation or warranty made at any time with respect thereto, but only if the personal injury or property damage occurs away from premises owned by or rented to the Named Insured and after

9

physical possession of such products has been relinquished to others.

34. The Bedivere Umbrella Policy's Limit of Liability provides, in part:

**5. Limit of Liability**. The company shall only be liable for ultimate net loss in excess of either:

(a) except as provided in subparagraph (b) hereof, the applicable limits of liability of the policies of underlying insurance as set forth in Item 3 of the Declarations;

. . .

but in no event shall the company be liable for an amount in excess of the applicable limit of liability set forth in Item 5 of the Declarations.

The limit of liability stated in Item 5 of the Declaration as applicable to "each occurrence" is the total limit of the company's liability under this policy for ultimate net loss as a result of any one occurrence.

Subject to the limit of liability set forth in Item 5 of the Declarations with respect to "each occurrence", the limit of liability so set forth as "aggregate" shall be the total limit of the company's liability under this policy for ultimate net loss:

(1) because of all personal injury … during each consecutive twelve months of the policy period, arising out of the Products-Completed Operations Hazards.

. . .

## FACTUAL BACKGROUND

35. Triangle has been named as a defendant in hundreds of lawsuits alleging bodily injury from exposure to asbestos from products distributed by Triangle and/or resulting from Triangle's installation of asbestos-containing insulation between 1954 and approximately 1972 (the "Underlying Asbestos Claims").

36. Triangle continues to be named as a defendant in Underlying Asbestos Claims.

37. In or about February 2012, Bedivere, Allianz, General Insurance, the CNA Trust and Triangle entered into a confidential coverage in place agreement and side agreement

(collectively, the "CIP"), which provided [REDACTED] related to the Underlying Asbestos Claims. A true and correct copy of the CIP is attached as Exhibit D.

38. [REDACTED].

## COUNT I – DECLARATORY JUDGMENT

39. Bedivere re-alleges and incorporates by reference the allegations of Paragraph 1 – 38 as though fully set forth herein.

40. [REDACTED].

41. [REDACTED].

42. The Underlying Asbestos Claims constitute a single occurrence under the Bedivere Primary Policies and the Bedivere Umbrella Policy.

43. Bedivere has paid at least $2,000,000 in indemnity under the Bedivere Primary Policies and Bedivere Umbrella Policy for the Underlying Asbestos Claims. Bedivere's $2,000,000 in indemnity payments have exhausted the $500,000 per occurrence limit of liability applicable to the Underlying Asbestos Claims in each Bedivere Primary Policy and the $1,000,000 per occurrence limit of liability applicable to the Underlying Asbestos Claims in the Bedivere Umbrella Policy.

44. As a consequence of exhausting the applicable limits of liability of the Bedivere Primary Policies and the Bedivere Umbrella Policy, Bedivere seeks a declaration that is has no duty to defend and no duty to indemnify Triangle against any Underlying Asbestos Claims.

45. To the extent the Underlying Asbestos Claims constitute more than one occurrence and it is determined that the limits of liability of the Bedivere Primary Policies and Bedivere Umbrella Policy are not exhausted, Bedivere seeks a declaration as to its rights and

obligations, if any, with respect to the Underlying Asbestos Claims, including, without limitation, a declaration that:

    A. The Underlying Asbestos Claims involve bodily injury or personal injury within the "products hazard" and/or "completed operations hazard" of the Bedivere Primary Policies and the Bedivere Umbrella Policy and are subject to the policies' aggregate limits of liability;

    B. To the extent Bedivere is found to have any coverage obligation for the Underlying Asbestos Claims, Bedivere is only obligated to pay its *pro rata* share of defense and indemnity costs, and Triangle is responsible for amounts allocable to uninsured, self-insured and underinsured periods, periods insured by now-insolvent insurers, periods insured by insurers with whom Triangle has settled, and periods insured by policies that are exhausted; and

    C. The Bedivere policies are triggered by bodily injury during the policy period, requiring Triangle to show injury in fact by way of actual impairment during the policy period.

## COUNT II – RECOUPMENT/REIMBURSEMENT
(Against Triangle)

46. Bedivere re-alleges and incorporates by reference the allegations of Paragraphs 1 – 45 as though fully set forth herein.

47. Although Bedivere asserts that the applicable limits of liability of the Bedivere Primary Policies and the Bedivere Umbrella Policy are exhausted and Bedivere has no duty to defend or indemnify Triangle against the Underlying Asbestos Claims, Triangle disputes Bedivere's position. Because Triangle demands that Bedivere provide continuing coverage in excess of the applicable limits, Bedivere continues to pay toward defense and indemnity costs related to the Underlying Asbestos Claims under a full reservation of rights while Bedivere seeks a judicial declaration of its rights and obligations, if any. Further, upon information and belief, no other insurer has agreed to fully assume the defense and indemnity of Triangle. Bedivere's continued payment of defense and indemnity is subject to its right to recoup such payments from Triangle.

48. Bedivere is not acting as a volunteer because it is making the payments in order to protect its interests and the interests of Triangle while Bedivere pursues its position in this declaratory judgment action.

49. Bedivere timely reserved its rights and advised Triangle that Bedivere intended to seek recoupment/reimbursement.

50. Bedivere is entitled to recoup or receive reimbursement from Triangle for all defense and indemnity paid by Bedivere after exhaustion of its policies' limits of liability.

### COUNT III – CONTRIBUTION/LEGAL SUBROGATION
(Against all Insurer Defendants and the CNA Trust)

51. Bedivere re-alleges and incorporates by reference the allegations of Paragraphs 1 – 50 as though fully set forth herein.

52. Upon information and belief, the policies issued by Bedivere and the policies issued by Allianz, Cincinnati, General Insurance, Great American, U.S. Fire and Continental Insurance Company, as successor by merger to the Fidelity and Casualty Company of New York, insure Triangle against the same or substantially similar risks, including the Underlying Asbestos Claims.

53. Allianz, Cincinnati, General Insurance, Great American, U.S. Fire and the CNA Trust have been unjustly enriched by Bedivere's non-voluntary payments toward defense and indemnity costs related to the Underlying Asbestos Claims after exhausting the applicable limits of liability of the Bedivere policies.

54. Bedivere is entitled to contribution and/or reimbursement from one or more of the defendants identified in paragraph 53.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Bedivere Insurance Company, formerly known as OneBeacon Insurance Company, as successor in interest to the rights and obligations of certain policies issued by American Employers' Insurance Company, by counsel, prays for the following relief from this Court:

A. [REDACTED];

B. A declaration that the limit for each occurrence in the Bedivere Primary Policies applies to the entire term of the policy, rather than annually;

C. A declaration that the Underlying Asbestos Claims are the result of a single occurrence under the Bedivere Primary Policies and the Bedivere Umbrella Policy;

D. A declaration that the Bedivere Primary Policies and Bedivere Umbrella Policy are exhausted and that Bedivere has no duty to defend and no duty to indemnify Triangle for the Underlying Asbestos Claims;

E. A declaration that the Underlying Asbestos Claims fall within the Bedivere Primary Policies' and the Bedivere Umbrella Policy's "products hazard" and/or "completed operations hazard" and, in the event the Court declares that the Underlying Asbestos Claims are the result of more than one occurrence, a declaration that the claims are subject to the Bedivere Primary Policies' and the Bedivere Umbrella Policy's aggregate limits of liability;

F. A declaration Bedivere is entitled to recoupment/reimbursement from Triangle for all defense and indemnity paid by Bedivere after exhaustion of

the limits of liability of the Bedivere Primary Policies and Bedivere Umbrella Policy;

G. A declaration that Bedivere is entitled to contribution/equitable subrogation from Allianz, Cincinnati, General Insurance, Great American, U.S. Fire and/or the CNA Trust;

H. To the extent Bedivere is found to have any coverage obligation for the Underlying Asbestos Claims, a declaration that Bedivere is only obligated to pay its pro rata share of defense and indemnity costs, and Triangle is responsible for amounts allocable to uninsured, self-insured and underinsured periods, periods insured by now-insolvent insurers, periods insured by insurers with whom Triangle has settled, and periods insured by policies that are exhausted;

I. To the extent the Bedivere Primary Policies and Bedivere Umbrella Policy are not exhausted, a declaration that the Bedivere policies are triggered by bodily injury during the policy period, requiring Triangle to show injury in fact by way of actual impairment during the policy period;

J. Awarding Bedivere interests, costs and attorney's fees (where allowable by law); and

K. Any other relief for which Bedivere appears entitled.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Bedivere Insurance Company demands trial by jury in this action of all issues so triable.

Respectfully submitted,


/s/Charles H. Cassis
Charles H. Cassis, Esq.
Chadler M. Hardin, Esq.
Goldberg Simpson, LLC
Norton Commons
9301 Dayflower Street
Prospect, Kentucky 40059
PH: (502) 589-4440 / FAX: (502) 581-1344
ccassis@goldbergsimpson.com
chardin@goldbergsimpson.com


and


Patrick T. Walsh (*pro hac vice to be filed*)
David C. Butman (*pro hac vice to be filed*)
Stephen A. Skardon (*pro hac vice to be filed*)
HINKHOUSE WILLIAMS WALSH LLP
180 N. Stetson Ave.
Suite 3400
Chicago, IL 60601
T: 312-784-5400
F: 312-784-5499
pwalsh@hww-law.com
dbutman@hww-law.com
sskardon@hww-law.com


Attorneys for Plaintiff Bedivere Insurance Company

4827-9128-2224, v. 1